# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON WILLIAM CUSTER,<br><br>     Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director, NE Dept. of Corrections; and BRAD HANSEN, Warden, Tecumseh State Correctional Institution;<br><br>     Respondents. | **8:18CV224**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Petitioner's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) and Motion to Appoint Counsel and for Evidentiary Hearing (filing no. 4).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner filed a Petition for Writ of Habeas Corpus (filing no. 1) and a Motion for Leave to Proceed in Forma Pauperis (filing no. 2). Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in the records of this court (*see* inmate trust account statement at filing no. 3), leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1).

## II. MOTION FOR COUNSEL AND EVIDENTIARY HEARING

Petitioner seeks the immediate appointment of counsel and an evidentiary hearing on his habeas petition. (Filing No. 4.) "[T]here is neither a constitutional

nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

Petitioner's motion for an evidentiary hearing is also denied at this time. The court must first conduct a preliminary review of the habeas corpus petition in accordance with Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. If the petition does contain cognizable claims, Respondents will be required to respond to the petition and only after such response is received and considered will the court determine whether an evidentiary hearing is warranted. *See* Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring judge to review answer and state court records to determine whether evidentiary hearing warranted).

IT IS THEREFORE ORDERED that:

1.    Petitioner's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is granted.

2.    Petitioner's Motion to Appoint Counsel and for Evidentiary Hearing (filing no. 4) is denied without prejudice to reassertion.

3. The next step in this case is for the court to conduct a preliminary review of the habeas corpus petition in accordance with Rule 4 of the Rules Governing Section 2254 cases. The court will conduct this review in its normal course of business.

Dated this 24th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge