IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON WILLIAM CUSTER,<br><br>               Petitioner,<br><br>vs.<br><br>SCOTT FRAKES, Director, NE Dept. of Corrections; and BRAD HANSEN, Warden, Tecumseh State Correctional Institution;<br><br>               Respondents. | 8:18CV224<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the court on preliminary review of Petitioner Jason William Custer's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims[1] are:

    Claim One:      Petitioner was denied effective assistance of counsel because trial counsel (1) elicited testimony from Dr. Peter Schilke regarding information in a report authored by a different expert (Filing No. 1 at CM/ECF pp. 17, 19); (2) failed to object to the foundation of Dr. Schilke's testimony (*id.*); (3) failed to call Dr. Eischenschmidt to testify regarding the toxicology report he authored (*id.*); (4) failed to provide proper jury instructions on self-defense, assault, and terroristic threats (*id.* at CM/ECF pp. 3, 17); (5) failed to object to prosecutorial misconduct

---

[1] For reference of the parties, the court will cite to the pages of Petitioner's habeas petition from which it construed each of Petitioner's claims.

and/or ask for a mistrial (*id*. at CM/ECF pp. 17, 26–27); (6) insisted that a key state's witness, Billy Fields, was testifying falsely to information supported by the record and critical to Petitioner's self-defense claim (*id*. at CM/ECF pp. 18, 32); and (7) refused to call trial counsel's law partner, Kelly Breen, as a witness to testify about prior consistent statements made by Petitioner shortly after he was arrested and appointed counsel (*id*.).

Claim Two: Petitioner was denied the effective assistance of counsel because appellate counsel failed to raise on direct appeal the claims described in Claim One, subparts (1) through (3) and (5) through (7). (*Id*. at CM/ECF pp. 17–19, 27, 32.)

Claim Three: Petitioner was denied the effective assistance of counsel because the cumulative instances of ineffective assistance of trial and appellate counsel create the reasonable probability of a different outcome at either the trial and/or direct appeal level. (*Id*. at CM/ECF p. 20.)

Claim Four: Petitioner was denied his rights to due process and a fair trial because (1) the evidence adduced at trial was insufficient to sustain a conviction for First Degree Murder, because a rational trier of fact could not have concluded that Petitioner killed Adam McCormick purposely, with deliberate and premeditated malice, and not in self-defense (*id*. at CM/ECF pp. 17, 21); and (2) the trial court erroneously instructed the jury (*id*. at CM/ECF pp. 2, 17, 28).

Claim Five: Petitioner was denied due process because the State committed prosecutorial misconduct by (1) arguing his post-arrest silence, (2) introducing inflammatory, religious-themed arguments and testimony into the trial, and (3) "brow-beating" Petitioner with questions already asked and answered. (*Id*. at CM/ECF pp. 17, 26.)

Claim Six: Petitioner was denied his rights to due process and to counsel because the state district court and the Nebraska Supreme Court erred in failing to appoint counsel for Petitioner in his state postconviction proceedings and in his appeal of the denial of his motion for postconviction relief without an evidentiary hearing. (*Id*. at CM/ECF pp. 18, 36.)

**With the exception of Claim Six**, the court determines that Petitioner's claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. Claim Six is not a cognizable habeas corpus claim because it is based on errors in the state postconviction proceedings. Errors during state postconviction review are not cognizable in a federal habeas corpus action. *See Jenkins v. Houston*, 4:05CV3099, 2006 WL 126632 (D. Neb. 2006) (collecting cases). **Claim Six is dismissed.**

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court with the exception of Claim Six. **Claim Six is dismissed**.

2. By **November 15, 2018**, Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 15, 2018**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

3. If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in

opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

A. By **November 15, 2018**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)–(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be

accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply

6

brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 17, 2018**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 1st day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge